IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VILMA CHIUCHIOLO, on behalf of
herself and others similarly situated,

    Plaintiff(s),

CASE NO.: 6:12CV345-ORL-18DAB

vs.

HOTEL CLEANING SERVICES,
INC.,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, VILMA CHIUCHIOLO, on behalf of herself and others similarly situated, by and through undersigned attorney, and sues the Defendant, HOTEL CLEANING SERVICES, INC., (hereinafter referred to as the "Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against her former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in Osceola County, Florida.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS HOTEL CLEANING SERVICES, INC.

5. Plaintiff, VILMA CHIUCHIOLO, worked for Defendant, HOTEL CLEANING SERVICES, INC., as a housekeeper for Defendant' businesses located in Osceola County, Florida, from November 13, 2008 through August 4, 2011 and performed related activities for Defendant.

6. In this capacity, Plaintiff, VILMA CHIUCHIOLO, worked an average of forty-nine (49) hours per week and was paid a rate ($65.00) per day.

7. Pursuant to 29 CFR 778.112, Plaintiff's regular rate should have been determined by totaling all the sums received at such day rates in the workweek and dividing by the total hours actually worked. Plaintiff would then be entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

8. The Defendant, HOTEL CLEANING SERVICES, INC., is a corporation formed and existing under the laws of the State of Arizona, doing business in the State of Florida and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

9. Plaintiff was an employee of HOTEL CLEANING SERVICES, INC., and was, at all times relevant to the violations of the FLSA, engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

10. At all material times relevant to this action, the Defendant, HOTEL CLEANING SERVICES, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11. At all material times relevant to this action, the Defendant, HOTEL CLEANING SERVICES, INC., made gross earnings of at least $500,000 annually.

12. At all material times relevant to this action, the Defendant, HOTEL CLEANING SERVICES, INC., had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. cleaning products, towels, detergents, soaps, etc.).

13. At all material times relevant to this action, Defendant, HOTEL CLEANING SERVICES, INC., had two (2) or more employees routinely ordering materials or supplies from out of state vendors. (i.e. cleaning products, towels, detergents, soaps, etc.).

14. At all material times relevant to this action, the Defendant, HOTEL CLEANING SERVICES, INC., has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

15. At all material times relevant to this action, the Defendant, HOTEL CLEANING SERVICES, INC., also used the telephone or computers to place and accept business calls.

16. Throughout Plaintiff's employment, the Defendant, HOTEL CLEANING SERVICES, INC., repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and those similarly situated to her, at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week, yet

was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

17. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

WHEREFORE, Plaintiff and all other similarly situated employees demand judgment against the Defendant, HOTEL CLEANING SERVICES, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – DECLARATORY RELIEF

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

21. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

22. Plaintiff may obtain declaratory relief.

23. Defendant employed Plaintiff.

24. Defendant is an enterprise.

25. Plaintiff was individually covered by the FLSA.

26. Defendant failed to pay Plaintiff, and all other similarly situated employees, for all hours worked.

27. Plaintiff and all other similarly situated employees are entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

28. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

29. Defendant did not rely upon a good faith defense.

30. Plaintiff and all other similarly situated employees are entitled to an equal amount of liquidated damages.

31. It is in the public interest to have these declarations of rights recorded.

32. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

33. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

Wherefore, Plaintiff and all other similarly situated employees demand a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty in a workweek without receiving correct overtime pursuant to the FLSA, Defendant failed to keep accurate time records, Defendant had a legal duty to pay Plaintiff, and all other similarly situated employees, overtime pursuant to the FLSA, Defendant failed to prove a good faith

defense, Plaintiff is entitled to overtime, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

## DEMAND FOR JURY TRIAL

34. Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this _____ day of February, 2012.

Respectfully submitted by,

Carlos V. Leach, Esq.
Florida Bar No. 0540021
Trial Counsel for Plaintiff
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
E-mail: cleach@forthepeople.com

CVL/cvl
1414652